UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADEMOLA ADEBAYO,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-386-CCB-SJF

## ORDER

Immigration detainee Ademola Adebayo, representing himself, submitted two postjudgment filings in this closed case. ECF 11, ECF 12. This case was closed because the court determined that when Adebayo filed this habeas petition, he was still in the 90-day removal period following the entry of a final order of removal, and detention during this period was mandatory. ECF 9. In his postjudgment filings, he briefly discusses alleged irregularities with his removal proceedings and focuses mainly on problems he is having with accessing medical care at Miami Correctional Facility.

The court will construe the filings as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected

arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

This court does not have jurisdiction in habeas over errors in the underlying removal order or over claims involving the conditions of confinement. The Immigration and Nationality Act directs that review of deficiencies in the removal proceedings occur in the court of appeals through a petition for review, not in habeas. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9); *Morales-Ramirez v. Reno*, 209 F.3d 977, 979 (7th Cir. 2000) ("[8 U.S.C.] § 1252(g) applies whenever an alien makes an adjudicatory challenge to an order of removal, and for this reason, the district court has no jurisdiction to hear a petition for writ of habeas corpus.").

As to the claims regarding Adebayo's medical care, the scope of a habeas petition is limited to questions about the fact or duration of confinement, not the conditions therein. *See, e.g., Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."); *see also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 114–15, 118 (2020) (Asylum seeker's habeas petition was properly dismissed given that it sought only an "opportunity to apply for asylum and other applicable forms of relief" and not "release from custody. . . . Such relief might fit an injunction or writ of mandamus . . . but that relief falls outside the scope of the common-law habeas writ."); *E.F.L. v. Prim*, 986 F.3d 959, 965 (7th Cir. 2021) ("E.F.L.'s habeas petition does not

'contest[ ] the lawfulness of restraint' or seek to 'secur[e] release' from custody; it instead vies for her right to 'remain in [the United States] or to obtain administrative review potentially leading to that result.'") (quoting *Thuraissigiam*, 591 U.S. at 117). If Adebayo believes he is not receiving constitutionally adequate medical care while detained, his remedy is to file a civil rights case, not a habeas petition.

For these reasons, the court **CONSTRUES** the filings (ECF 11, ECF 12) as motions under Fed. R. Civ. P. 59(e) and **DENIES** them.

SO ORDERED on July 13, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

3